[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Denis Jon Wilson pleaded guilty to two counts of robbery, in violation of R.C. 2911.02(A)(2), and to kidnapping, in violation of R.C. 2905.01(A)(2). The trial court sentenced Wilson to six years' incarceration for each of the robberies and to eight years' incarceration for the kidnapping, with the sentences to run concurrently. In this appeal, Wilson now asserts that the trial court's sentence was "too harsh" under the sentencing guidelines.
Wilson argues that, at the sentencing hearing, the trial court failed to consider evidence of mitigating circumstances that was presented on his behalf. But the record discloses that the trial court considered letters from Wilson as well as from Jeanne Decker, the godmother of Wilson's child. Furthermore, Ms. Decker personally addressed the court at the hearing.
R.C. 2953.08(A) sets forth the grounds upon which a defendant may appeal his sentence as a matter of right. R.C. 2953.08(A)(4) is the only subsection that might apply in this case. Under that subsection, Wilson may challenge his sentence on the ground that it is "contrary to law." Even if we read Wilson's assignment of error to allege that the sentence is contrary to law, we find that it has no merit.
In this case, Wilson and two co-defendants robbed at gunpoint three victims, one of whom was a child. The victims were, as noted by the trial court, "absolutely terrorized." In sentencing Wilson, the trial court did not impose the maximum period of incarceration for any of the offenses. And, as we have noted, the court ordered the sentences to run concurrently. We hold that the trial court's sentence is supported by the record, and that it is not contrary to law. Therefore, we overrule Wilson's assignment of error.
The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.